FILED

2014 DEC 17  AM 11: 44

SUPERIOR COURT
GUAM

# IN THE SUPERIOR COURT OF
# GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0462-14 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER |
| | ) | |
| JESSE JOHN QUINENE CRUZ, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant's Motion to Release the Defendant on his Personal Recognizance, was taken under advisement by the Honorable Judge Michael J. Bordallo on December 1, 2014. Defendant is represented by Assistant Public Defender Richard S. Dirkx. The People of Guam are represented by Assistant Attorney General Elizabeth Vasiliades. Having considered the evidences presented the Court now enters an order granting the Defendant's motion.

## BACKGROUND

On September 11, 2014, an indictment was entered charging Defendant of committing the following crimes: 1) on or about August 1, 2006, through June 31, 2008, First Degree Criminal Sexual Conduct, as a 1st Degree Felony; 2) on or about August 1, 2006, through June 31, 2008, Second Degree Criminal Sexual Conduct, as a 1st Degree Felony; 3) on or about August 1, 2005, through June 31, 2010, Second Degree Criminal Sexual Conduct, as a 1st

ORIGINAL

Degree Felony; and 4) on or about August 1, 2010 through June 31, 2012, Second Degree Criminal Sexual Conduct, as a 1st Degree Felony.

On October 14, 2014, Defendant filed his motion to be released on his own recognizance. Mot. at 1. In it he cites to the mandates of 8 GCA §§ 40.20 and 40.15(b) and argues that there is no statutory reason to restrict his release.[1] *Id.* at 1.

The People filed its opposition on October 13, 2014. Opp. at 1. In it the People assert that Defendant abused his parental role when he forced the victim to submit to sexual assaults by him, beginning when the victim was in the 2nd or 3rd grade until 2013 and that in September of this year he attempted to reach his hand into the victim's pants to touch her vagina. *Id.* at 2. The People argue that the serious nature of the repeated attacks and their extended longevity are sufficient to find that Defendant presents a significant risk to public safety and that bail should be denied. *Id.*

## DISCUSSION

Sections 40.15 and 40.20 of the Guam Code regulate when a person who is charged with criminal offenses may be released from confinement. 8 GCA §§ 40.15 and 40.20 (2013). These sections provide a Court the discretion to conditionally release a person from confinement. *Id.* When making this determination a Court must weigh the risk to possible victims, the public safety and the need to assure the appearance of a defendant, as well as the inalienable rights of each person accused of a crime.[2] *Id.*; 48 USC 1421b (2013).

---

[1] Of note to the Defendant's arguments at the hearing were his assertions that his proposed third-party custodians would be more diligent because of the liability they might possibly incurr if the Defendant violated any terms of a pretrial release. It is important to emphasize that third party custodians only incur a potential liability if they knowingly suppress or fail to report violations. They are not subject to any potential saction for simply housing a defendant who violates his terms absent some affirmative and additional wrongful behavior on their parts.

[2] Salient to the Court analysis are the following factors listed in 8 GCA § 40.15:

In this case it is undisputed Defendant has been charged with serious crimes and that if convicted his sentence would carry the possibility of the territory's strictest punishment. Indict. at 1-2. However the charging document asserts that the most recent incident is alleged to have occurred between four and two years ago and is limited to one potential victim.[3] *Id.* at 2. Furthermore it appears that the charges rest exclusively upon the victim's testimony.

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:

    (i)   length of his/her residence on Guam;
    (ii)  his/her employment status and history, and financial condition;
    (iii)  his/her family ties and relationships;
    (iv)  his/her reputation, character and mental and physical condition;
    (v)  his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;
    (vi)  his/her history relating to drug or alcohol abuse;
    (vii)  the identity of the reasonable members of the community who will vouch for his/her reliability;
    (viii) whether, at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and
    (ix)  his/her history of compliance with other Court orders.

8 GCA § 40.15 (2013).

[3] Given the period of time that has passed between the indicted incidents and the present, without further incident or risk to the public, the Court is not able to find that the risk to public safety outweighs the Defendant's rights. While the People assert in its opposition that the last attacks occurred in September of 2014 and possibly an unspecified date in 2013, these assertions are not verified or substantiated. Opp. at 2. Furthermore they are alleged to have occurred before the date of the current indictment and were either brought before the grand jury and rejected or not brought before it for consideration. In either case, absent more, it is inappropriate to raise them here. Guam R. Civ. P. 11. Accordingly they cannot be considered by the Court. Guam R. Civ. P. 11; *Beydoun v. Wataniya Restaurants Holding*, Q.S.C., 768 F.3d 499, 506 (6th Cir. 2014); *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986)(Courts have required that evidence submitted outside the pleadings be competent). This is the second time the Court has cautioned Attorney Vasiliades of the requirements of Rule 11 and her responsibility of candor to the Court. *People v. Chargualaf*, CF0358-14, Decision and Order at 4-5 (Super. Ct. Sept. 22, 2014).

Accordingly, balancing possibility of conviction, the respective rights of the individual parties and considering the factors listed in 8 GCA § 40.5, the Court finds that there is sufficient cause to reduce the current bail amount and to allow Defendant's release to his proposed third-party custodians. *Guam v. Song*, 2011 Guam 19 ¶ 21.

## CONCLUSION

For the foregoing reasons the Defendant's motion is GRANTED. Defendant shall be allowed to be released to his proposed third-party custodian upon the posting of a $5,000.00 cash-secured bail. Upon posting bail Defendant shall be subject to the Court's standard conditions, specifically being ordered to not contact and stay away from the victim or any of her immediate family members. Further proceedings in this matter are hereby set for _January 15_, 2015 at _9:10_ _a_ m.

**SO ORDERED** this _17th_ of _December_ 2014.

_____
**HONORABLE MICHAEL J. BORDALLO**
**JUDGE, SUPERIOR COURT OF GUAM**

VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:
AG/PDSC
12/17/14 Time: 11:45am
JSC